CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | |
|---|---|---|---|
| HELENE R. BANKS | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | DARREN SILVER |
| ANIRUDH BANSAL | ARIEL GOLDMAN | WWW.CAHILL.COM | GEOFFREY E. LIEBMANN | JOSIAH M. SLOTNICK |
| DAVID L. BARASHI | JASON M. HALL | | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | MEGHAN N. McDERMOTT | ROSS E. STURMAN |
| BRADLEY J. BONDI | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | SUSANNA M. SUH |
| BROCKTON B. BOSSON | CRAIG M. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | ANTHONY K. TAMA |
| JAMES J. CLARK | DOUGLAS S. HOROWITZ | | DAVID R. OWEN | JONATHAN D. THIER |
| CHRISTOPHER W. CLEMENT | TIMOTHY B. HOWELL | CAHILL GORDON & REINDEL (UK) LLP | JOHN PAPACHRISTOS | SEAN P. TONOLLI |
| LISA COLLIER | DAVID G. JANUSZEWSKI | 24 MONUMENT STREET | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | LONDON EC3R 8AJ | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | +44 (0) 20 7920 9800 | SHEILA C. RAMESH | HERBERTS. WASHER |
| STUART G. DOWNING | RICHARD KELLY | | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | DAVID WISHENGRAD |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | WRITER'S DIRECT NUMBER | THORN ROSENTHAL | COREY WRIGHT |
| JENNIFER B. EZRING | TED B. LACEY | | TAMMY L. ROY | JOSHUA M. ZELIG |
| HELENA S. FRANCESCHI | MARC R. LASHBROOK | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | | MICHAEL A. SHERMAN | |
| | | | | * ADMITTED IN DC ONLY |

(212) 701-3008

February 5, 2020

Re:   *United States* v. *Michelle Morton*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

I write on behalf of Michelle Morton in advance of the evidentiary hearing on Ms. Morton's Renewed Motion to Withdraw Her Guilty Plea (the "Motion") scheduled for February 19, 2020 (the "February 19 Hearing") to respectfully move *in limine* for an order authorizing the testimony of United States Pretrial Services Officer Lea Harmon at the February 19 Hearing. Additionally, in order to allow the parties to prepare for the hearing, Ms. Morton requests that the Court order a reciprocal exchange of materials pursuant to Federal Rule of Criminal Procedure 26.2 on February 14, 2020, to be supplemented on a rolling basis.

## I.   Procedural Background

On May 16, 2018, Ms. Morton pleaded guilty to one count conspiracy to commit securities fraud and one count of investment advisor fraud in connection with her alleged role in the purchase of Wakpamni Lake Community Corporation bonds while Ms. Morton was the chief executive officer at Atlantic Asset Management. *See* Transcript of May 16, 2018 Hearing in *United States* v. *Morton*, No. 16 Cr. 371 (RA), at 9-11, 20-21. On July 20, 2018, Ms. Morton filed a motion to withdraw her guilty plea, which this Court denied on August 17, 2018. Dkt. Nos. 548, 568.

On January 14, 2019, the Court appointed the undersigned as Ms. Morton's counsel. Dkt. No. 726. On May 17, 2019, Ms. Morton filed the Motion and accompanying memorandum of law, arguing that her prior counsel's coercive actions – which included suborning a false guilty plea and paying her more than $12,000 during the course of their representation – both rendered her plea involuntary and constituted a fair and just reason meriting withdrawal of the plea. Dkt. Nos. 754, 755. The government filed an opposition to the Motion on August 8, 2019 (Dkt. No. 794), Ms. Morton replied on October 28, 2019 (Dkt. No. 815), the government

CAHILL GORDON & REINDEL LLP

-2-

filed a sur-reply on November 27, 2019 (Dkt. No. 830), and Ms. Morton submitted a response to the government's sur-reply on December 11, 2019 (Dkt. No. 832). On February 3, 2020, the Court requested an evidentiary hearing on the Motion. Dkt. No. 848.

## II.     The Court Should Authorize and Direct Officer Harmon's Testimony

Although pretrial services officers are generally required to keep defendants' communication confidential, such information may be disclosed under certain circumstances if authorized by the confidentiality regulations or directed by a judicial officer. Such disclosure is appropriate where the information is germane to an issue being litigated in a proceeding involving the defendant, or where good cause can be shown. Here, Ms. Morton's pretrial services officer, Lea Harmon, can offer independent corroboration of Ms. Morton's claim that she pleaded guilty under the guidance of her prior counsel solely for health reasons. Accordingly, we respectfully request the Court direct her to testify at the February 19 Hearing.

### A.     Factual Background

As set forth at length in the Motion, Ms. Morton has alleged that her prior attorneys coerced her guilty plea by, *inter alia*, informing her that they thought she would not survive the rigors of a trial and suggesting that she should therefore plead guilty despite her innocence. Mem. of Law in Support of Michelle Morton's Renewed Motion to Withdraw Her Guilty Plea, Dkt. No. 755, at 2-7, 15-27 ("Mem. of Law"); Declaration of Michelle Morton in Support of Her Renewed Motion to Withdraw Her Guilty Plea, Dkt. No. 756, ¶¶ 15-16 ("Morton Decl."). As further support for her claim, Ms. Morton provided the Declaration of Olufunso Akinyemi, a paralegal who participated in a March 7, 2019 telephone interview with Officer Harmon, in which Officer Harmon provided information that corroborated Ms. Morton's assertions. Declaration of Olufunso Akinyemi in Support of Michelle Morton's Renewed Motion to Withdraw Her Guilty Plea, Dkt. No. 758, ¶¶ 3-5, Exs. 1-2 ("Akinyemi Decl.") (attached hereto as Exhibit A); *see also* Mem. of Law at 23-24.

Specifically, during the March 7, 2019 call, Officer Harmon explained that she has served as Ms. Morton's pretrial services officer since May 2016, when Ms. Morton was arrested. Akinyemi Decl. ¶ 4(a); *see also* Morton Decl. ¶ 28. Officer Harmon noted that she had frequent contact with Ms. Morton during the period of supervision, including initial monthly visits and weekly telephone calls. Akinyemi Decl. ¶ 4(b), Ex. 2 ¶ 2; *see also* Morton Decl. ¶ 28. According to Officer Harmon, during the period of supervision, Ms. Morton consistently asserted her innocence of the crimes with which she had been charged. Akinyemi Decl. ¶ 4(d); *see also* Morton Decl. ¶ 28. Officer Harmon recounted that she received a voicemail message from Ms. Morton on May 18, 2018, two days after Ms. Morton's guilty plea, in which Ms. Morton informed Officer Harmon that she had pleaded guilty, but that she wanted Officer Harmon to know that she had never lied to her. Akinyemi Decl. ¶ 4(e). Officer Harmon also recalled a subsequent meeting with Ms. Morton in which Ms. Morton explained that, based on a conversation she had had with her lawyers at the time, she had felt obligated to plead guilty because of her health, even though she

CAHILL GORDON & REINDEL LLP

-3-

was innocent. *Id.* ¶ 4(g). Ms. Morton told Officer Harmon that her lawyers had told her that she might not physically survive the trial because to the aggravating effect stress and anxiety has on her persistent health issues, and had advised her that pleading guilty was the best solution for her health. *Id.*

Officer Harmon subsequently confirmed the accuracy of these statements in an email to the undersigned on April 18, 2019. *Id.*, Ex 1 at 1. Because the statements are highly relevant to the issue of truth in a judicial proceeding involving Ms. Morton, because Ms. Morton herself is the party requesting release of the statements, and because good cause has been shown, the Court should direct Officer Harmon's testimony at the February 19 Hearing.

B.      Discussion

1.      Confidentiality Regulations Permit the Release of Pretrial Services Information Under Certain Circumstances

In general, information disclosed to a pretrial services officer is confidential and may not be disclosed. *See* 18 U.S.C. § 3153(c)(1); *see also* GUIDE TO JUDICIARY POLICY, UNITED STATES COURTS, Vol. 8A Pt. A, Appendix 5A, § 3A (2010) ("Confidentiality Regulations") (attached hereto as Exhibit B) ("Unless authorized by these regulations or ordered by the judicial officer for good cause shown, a pretrial services officer shall not disclose pretrial services information.").[1] The reason for this confidentiality restriction is "to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the judicial officer." Confidentiality Regulations, § 1C.

Despite the general restriction on disclosure of Pretrial Services information, the Confidentiality Regulations authorize disclosure of confidential information under certain circumstances. Specifically:

[t]he judicial officer may authorize the disclosure of pretrial services information if the judicial officer finds that there is a substantial likelihood that the information is material, exonerating on the issue of guilt, or germane to the issue of truth in an administrative, legislative, or judicial proceeding involving the defendant or a third party, and would not otherwise be available in such a proceeding.

Confidentiality Regulations, § 5H(1). Separately:

---

[1] Pretrial Services information is defined as "any information, whether recorded or not, that is obtained or developed by a pretrial services officer in the course of performing pretrial services." Confidentiality Regulations, § 2A. Performing pretrial services is defined to include, *inter alia*, supervising a defendant who is released on bail. *Id.*

-4-

> [i]n any other case, the judicial officer may order the disclosure of pretrial services information if, after considering (1) any promise of confidentiality to the source of the information, (2) any harm that such disclosure might cause to any person, (3) the objective of confidentiality as set out in section 1(C) of these regulations, and (4) the purpose of the disclosure, the judicial officer finds that there is good cause for such disclosure.

*Id.* § 5L.

> 2.      Officer Harmon's Testimony Is "Germane to the Issue of Truth" in the February 19 Hearing

Officer Harmon's testimony would provide contemporaneous and independent corroboration of the central factual aspects of Ms. Morton's claim: that Ms. Morton has maintained her innocence throughout the duration of her case, that she falsely pleaded guilty for health reasons on the advice of her attorneys, and that she immediately regretted doing so. *See* Morton Decl. ¶ 28; Akinyemi Decl., Ex. 2 ¶ 7. Accordingly, Officer Harmon's testimony is clearly "germane to the issue of truth in [a] . . . judicial proceeding involving the defendant," meriting disclosure here under Section 5H(1) of the Confidentiality Regulations.

Indeed, the Second Circuit has held that the confidentiality restrictions in Title 18, United States Code, Section 3153 are "not to be read broadly because, otherwise, evidence that is relevant—in this case because it is probative on the question of truthfulness and credibility—would be inadmissible at trial." *United States* v. *Griffith*, 385 F.3d 124, 126 (2d Cir. 2004) (holding that information obtained from a defendant during a pretrial services interview could be used against him for impeachment purposes). Here, especially because Ms. Morton is seeking to forego the confidentiality restriction that is in primarily in place to protect *her* interests, there is no need for the Court to prohibit the disclosure of information that would be germane to the February 19 Hearing.

Finally, although Ms. Morton could potentially present Officer Harmon's testimony through hearsay (either by calling Mr. Akinyemi as a witness or by offering Ms. Harmon's email to the undersigned as evidence), Ms. Morton would like to present Officer Harmon's testimony in a live setting in order to allow the Court to assign maximum weight to the information. *See e.g.*, *United States* v. *Al-Marri*, 230 F. Supp. 2d 535, 539 (S.D.N.Y. 2002) ("[T]his Court follows the lead of other federal courts in valuing the weight of live witnesses' testimony over contents of a defendant's affidavit); *see also United States* v. *Paulino*, No. 12 Cr. 799(RA), 2013 WL 2237532, at *4 (S.D.N.Y. May 21, 2013) (Abrams, J) (affording greater weight to officers' testimony than to the defendant's declaration because the officers' testimony was subject to cross examination). The Court should permit her to do so.

CAHILL GORDON & REINDEL LLP

-5-

3.      "Good Cause" Exists to Order Officer Harmon's Testimony

The Court can and should also order Officer Harmon's testimony because good cause exists for it to do so.  Section 5L of the Confidentiality Regulations authorizes the Court to find good cause after considering four factors, discussed below.

First, the Court must consider "any promise of confidentiality to the source of the confidential information."  Confidentiality Regulations, § 5L.  This factor is inapplicable here, since Ms. Morton is the source of the information, and is herself requesting the disclosure.  *See United States* v. *Lewter*, 402 F.3d 319, 324 (2d Cir. 2005) (holding that the district court erred in denying defendant's request to review his pretrial services report, in order to help secure the testimony of his pretrial services officer in his own defense).  Because Ms. Morton requests disclosure of her own pretrial services information in an effort advance her own defense, any promises of confidentiality to her should be disregarded at her request.

For the same reasons, the second factor – whether any person would be harmed by the disclosure of the information – is also inapplicable.  *See* Confidentiality Regulations, § 5L.  The requested disclosure is limited to a conversation between Officer Harmon and Ms. Morton about Ms. Morton's criminal case.  Its disclosure will not harm anyone else.  Additionally, Officer Harmon has confirmed the truth of the statements contained in the Akinyemi Declaration, so there is no concern about the dissemination of any false information.  *See* Akinyemi Decl., Ex. 1 at 1.

Third, a court must balance the disclosure with the objective of Section 1C of the Confidentiality Regulations, which is to "promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the [Court]."  Confidentiality Regulations, § 1C.  The Confidentiality Regulations further explain that "[d]isclosure of pretrial services information for purposes other than pretrial release, *particularly for prosecution purposes*, would deter defendants from cooperation with pretrial services officers and deprive the court of necessary information."  *Id.* (emphasis added).  The clear import of Section 1C is that, if defendants believe that information they provide to pretrial services can be used against them in their criminal cases, they might be reluctant to share important information.  But if the Court ordered disclosure here, it would not be setting a precedent that would chill the free flow of information between defendants and their pretrial services officers because Ms. Morton herself is the party requesting the disclosure.

Fourth and finally, the Court must consider the purpose of the disclosure, *id.* § 5L, which here is to offer independent and contemporaneous corroboration of the central aspects of Ms. Morton's claims.  Accordingly, this factor weighs strongly in favor of ordering disclosure.

Because the first three factors are inapplicable and the fourth weighs heavily in Ms. Morton's favor, there is good cause to order Officer Harmon's testimony at the February 19 Hearing.

CAHILL GORDON & REINDEL LLP

-6-

***

      For the reasons stated, Ms. Morton respectfully requests that the Court order the testimony of Officer Harmon at the February 19 Hearing.   Additionally, in order to allow the parties to prepare for the hearing, Ms. Morton requests that the Court order a reciprocal exchange of Rule 26.2 materials on February 14, 2020, to be supplemented on a rolling basis.

Respectfully Submitted,

Nola B. Heller

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

BY EMAIL AND ECF

cc:    AUSA Negar Tekeei