USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHELLE MORTON,

Defendant.

No. 16-CR-371-5 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Michelle Morton has moved *in limine* for an order authorizing United States Pretrial Services Officer Lea Harmon to testify at the March 2, 2020 evidentiary hearing. *See* Dkt. 852. Although Pretrial Services takes no position on the motion, the Government objects. *See* Dkt. 858. For the reasons discussed below, Morton's motion is granted.

Pursuant to 18 U.S.C. § 3153(c)(1), information disclosed to a pretrial services officer is generally confidential and may not be disclosed. However, "the confidentiality provided under § 3153(c)(1) is not absolute, but is instead subject to exceptions." *United States v. Morrison*, 778 F.3d 396, 400 (2d Cir. 2015); *see also United States v. Ramos*, 420 F. Supp. 2d 241, 244 n.1 (S.D.N.Y. 2006) ("Although 18 U.S.C. § 3153 provides generally for the confidentiality of statements made to Pretrial Services, it contains express exceptions to this rule, and the Second Circuit has recognized other limited exceptions."). Information may be disclosed, for instance, when used to impeach the defendant's credibility. *See United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004). It may also be disclosed when it falls within one of the "Authorized Disclosures" set forth in Section 5 of the Confidentiality Regulations. Here, disclosure of confidential pretrial services information through Officer Harmon's testimony is proper because "there is a substantial likelihood that the information is material, exonerating on the issue of guilt, or germane to the issue of truth" and not "otherwise

available" in this proceeding. *See* Confidentiality Regulation § 5(H). There is, as well, "good cause for such disclosure." *See* Confidentiality Regulation § 5(L).

The confidentiality provided for under Section 3153 is intended "to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the judicial officer." *See* Confidentiality Regulation § 1(C). The underlying concern is that "[d]isclosure of pretrial services information for purposes other than for the determination of pretrial release, particularly for prosecution purposes, would deter defendants from cooperation with pretrial services officers and deprive the court of necessary information." *Id.*; *see also United States v. Pena*, 227 F.3d 23, 26 (2d Cir. 2000) ("This confidential treatment is intended to 'protect[ ] the relationship between the pretrial services officer and the particular defendant' and ensure that courts do not 'receive only incomplete information,' because defendants 'may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers.'") (quoting H.R. Conf. Rep. No. 97–792, at 8 (1982), reprinted in 1982 U.S.C.C.A.N. 2393, 2394). The Court agrees with Morton that the "clear import" of Section 1(C) is that, "if defendants believe that information they provide to pretrial services can be used against them in their criminal cases, they might be reluctant to share important information." *See* Mot. at 5. The concern and purpose of Section 3153 is not implicated, however, where the *defendant* is the one seeking disclosure of the confidential pretrial services information. Indeed, while confidential pretrial services information is "not admissible on the issue of guilt," 18 U.S.C. § 3153(c)(3), Section 5(H) clearly contemplates that the information may be admissible where there is a "substantial likelihood" that the information is "exonerating on the issue of guilt."[1]

---

[1] The addition of the word "exonerating" in Section 5(H), particularly in contrast to the lack thereof in Section 3153(c)(3), demonstrates an intent to allow the defendant to use pretrial information, under appropriate circumstances, for exoneration purposes, while still "protect[ing] that information from use against a defendant to prove his or her guilt." *United States v. Rechnitzer*, No. 05-CR-368, 2007 WL 676671, at *6 (N.D.N.Y. Feb. 28, 2007).

2

Admitting the testimony sought through Officer Harmon is therefore proper under Section 5(H) because it may be "exonerating on the issue of guilt," and is at least "germane to the issue of truth," while not "otherwise available" at the hearing, as noted below.

The Court also finds that, in light of the fact that Morton is the one requesting disclosure of confidential pretrial services information, there is good cause to authorize Officer Harmon's testimony. To determine whether there is "good cause" for disclosure, the Court must consider "(1) any promise of confidentiality to the source of the information, (2) any harm that such disclosure might cause to any person, (3) the objective of confidentiality as set out in section 1(C) of these regulations, and (4) the purpose of the disclosure." See Confidentiality Regulation § 5(L). As Morton is requesting disclosure, the first and second factors are inapplicable here. See Mot. at 5; Gov't Opp'n at 4. As to the third and fourth factors, the Court is persuaded that, under these circumstances, disclosure would not "set[] a precedent that would chill the free flow of information between defendants and their pretrial services officers because Ms. Morton herself is the party requesting the disclosure." Mot. at 5. Moreover, as Morton is seeking disclosure in order to present "independent and contemporaneous corroboration" of her claims, the purpose for which the testimony is sought is not "otherwise available" simply through Morton's own testimony. Accordingly, the Court authorizes Officer Harmon to testify at the evidentiary hearing.

SO ORDERED.

Dated: February 18, 2020
New York, New York

Ronnie Abrams
United States District Judge

3