USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/27/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHELLE MORTON,
              Defendant.

No. 16-CR-371-5 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

 The Government has requested that the Court authorize disclosure to the parties of Pretrial Services Officer Lea Harmon's "contemporaneous case notes regarding her interactions" with Ms. Morton, in advance of the upcoming evidentiary hearing. *See* Dkt. 861 at 1. Ms. Morton opposes this request. *See* Dkt. 863. Pretrial Services does not seem to oppose the Government's request, but its position is that Officer Harmon's testimony is sufficient, and that "absent an order from the Court, Officer Harmon will not speak with either party in advance of her testimony . . . [or] produce her case notes to either party." Dkt. 861 at 2, n.2.

 Ms. Morton concedes that the same standards governing disclosure of confidential pretrial services information through Officer Harmon's testimony apply to disclosure of that information through her case notes, and instead argues that the Government's request should be denied because it does not meet those standards. *See* Dkt. 863 at 1. Specifically, Ms. Morton contends that, although disclosure of Officer Harmon's *testimony* is proper under both Sections 5(H) and 5(L) of the Confidentiality Regulations, disclosure of her case notes is not appropriate under either Authorized Disclosure. The Court, however, agrees with the Government that Ms. Morton cannot use the Confidentiality Regulations as "both a sword and shield, seeking to authorize the release of information she believes would be favorable, while shielding any unfavorable information from such disclosure." Dkt. 861 at 3. While confidential pretrial services information is "not *admissible* on the issue of guilt," 18 U.S.C. § 3153(c)(3) (emphasis added), it does not follow that such information may

not be *disclosed* simply because there is a possibility of it containing information as to a defendant's guilt. Given that Ms. Morton is the party seeking disclosure of confidential pretrial services information in this action (albeit solely in the form of testimony), the situation presented here is much like that present in cases where otherwise inadmissible evidence may be introduced at trial because the defendant has "opened the door" to such topics. *See, e.g.*, *United States v. Vasquez*, 267 F.3d 79, 83-85 (2d Cir. 2001) (defense's cross-examination regarding witness's possession of a gun "opened the door" for the prosecution's redirect eliciting testimony that witness armed himself because defendant had a "reputation" for killing people), *cert. denied*, 112 S. Ct. 1111 (2002); *United States v. Alcantara*, No. 13-CR-0119 (LTS), 2015 WL 13215025, at *3 (Jan. 28, 2015 S.D.N.Y.) ("[W]hen the defense has opened the door to the question of whether the defendant had the opportunity to commit a crime, prior bad act evidence is admissible on that issue."), *aff'd*, 674 F. App'x 27 (2d Cir. 2016).

Accordingly, for the same reasons that the Court granted Ms. Morton's request to authorize Officer Harmon's testimony, it now grants the Government's request to authorize disclosure of her case notes in advance of the hearing. The Court is inclined, however, to limit this disclosure to include only Officer Harmon's contemporaneous case notes from the period between April 30, 2018, when the first of three in-person meetings between Ms. Morton and her prior counsel occurred, to May 17, 2019, when Ms. Morton filed her second motion to withdraw her plea. If either party objects to this limitation, they shall file a letter no later than noon on February 28, 2020 explaining the basis for the objection.

SO ORDERED.

Dated:  February 27, 2020
        New York, New York

Ronnie Abrams
United States District Judge